IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN GABRIEL, | Civil Action No. |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| ARBORS MANAGEMENT, INC. | |
| Defendant. | |

## **COMPLAINT**

Plaintiff Susan Gabriel ("Gabriel" or "Plaintiff") brings this lawsuit against Defendant Arbors Management, Inc. ("Arbors Management" or "Defendant") to recover for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, for Defendant's failure to pay Plaintiff all wages due for hours worked.

## **I. JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and jurisdiction over Plaintiff's state law claim under the doctrines of supplemental and pendent jurisdiction.

2. The United States District Court for the Western District of Pennsylvania (the "Western District") has personal jurisdiction because Defendant resides in, is headquartered in, has its principal place of business in, and conducts business within this District.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as Defendant has offices and conducts business in the Western District and the causes of action set forth herein arose and occurred within the Western District.

## II. PARTIES

4. Plaintiff Susan Gabriel is an individual residing in Monroeville, Pennsylvania, and former employee of Defendant Arbors Management, Inc.

5. Defendant Arbors Management, Inc. is a property management firm incorporated in the State of Delaware. Defendant's headquarters is located at 1670 Golden Mile Highway, Monroeville, PA 15146. Defendant is registered with the Commonwealth of Pennsylvania's Corporations Bureau under Entity Number 759286.

6. Defendant is an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" as defined in the FLSA, 29 U.S.C. § 203.

7. Defendant has annual operating revenues in excess of $500,000.00.

8. Defendant is and has at all relevant times been an employer covered by the record-keeping, minimum wage, wage payment, and overtime mandates of the FLSA and the PMWA.

## III. FACTS

9. Arbors Management employed Plaintiff for approximately five and a half years, until it terminated her employment on or about March 18, 2014.

10. Plaintiff worked in Arbors Management's accounting department as a bookkeeper and data-entry operator.

11. Throughout her employment, Arbors Management scheduled Gabriel to work 37.5 hours each week. Her scheduled work hours were 8:30 a.m. to 5:00 p.m., with an hour for lunch, Monday through Friday.

12. Arbor and Gabriel agreed and understood that Gabriel's compensation was intended to compensate Gabriel for a 37.5-hour workweek.

13. However, to keep up with Arbors Management's ever-increasing workload demand, Gabriel regularly worked more than her scheduled 37.5 hours.

14. Since at least early- to mid-2012, Gabriel typically began her work day at approximately 7:30 a.m., and ended her work day at approximately 7:00 p.m.

15. During the same period, at least twice each month, Gabriel arrived at work as early as 6:30 a.m.

16. During the same period, approximate three to four times each month, Gabriel continued working into the evening, until between 8:00 p.m. to 12:00 a.m.

17. During the same period, Gabriel took a meal period two to three times each week. On the other days, Gabriel worked through her meal period.

18. Arbors Management knew that Gabriel was working more than 37.5 hours per week. In fact, Gabriel frequently submitted her work product to Arbor Management executives outside of her regularly scheduled hours.

19. Arbors Management managers frequently acknowledged that Gabriel was working more than 37.5 hours, corresponding with her on work emails well outside of her regularly scheduled hours.

20. In fact, it was well known throughout Arbors Management that Gabriel regularly worked more than 37.5 hours per week. Her co-workers often made jokes to that effect (*e.g.*, that Gabriel "lived" at the office).

21. Arbors Management supervisors commended Gabriel for the number of hours she worked, praising her work ethic for doing so as recently as January 2014.

22. Arbors Management never instructed Gabriel not to work more than her regularly scheduled 37.5 hours per week.

23. Arbors Management accepted the benefit of Gabriel's working more than her regularly scheduled 37.5 hours per week.

24. Under the FLSA and the PMWA, Gabriel was entitled to compensation for all hours worked. Moreover, she was entitled to an overtime premium of 1.5 times her regular rate for all hours worked over 40 in a week.

25. Arbors Management was aware of its obligations under the FLSA and PMWA.

26. Arbors Management acknowledged its obligation to compensate employees for all hours worked, and to provide employees with an overtime premium for hours worked over 40 in a week.

27. On one occasion, for example, Arbors Management instructed Gabriel to work on a Saturday, along with her co-workers, to complete time-sensitive tasks. Arbors paid her an overtime rate.

28. On that one Saturday, Arbors Management paid Gabriel for the hours she worked beyond her scheduled 37.5 hours.

29. Otherwise, Arbors Management failed and refused to compensate Gabriel for anything more than her scheduled 37.5 hours per week.

30.     Apart from the limited exception described above and a few other isolated instances, Arbors Management never compensated Gabriel with her regular rate when she worked more than 37.5 hours.

31.     Likewise, Arbors Management never compensated Gabriel with 1.5 times her regular rate for hours worked over 40 in a week.

32.     Because Arbors Management knew of its obligations under the FLSA and the PMWA, its decision not to compensate Gabriel for all hours worked was willful, intentional, and with reckless disregard for Gabriel's rights under the FLSA.

## V. COUNT I
**(Alleging Minimum Wage Violations of the FLSA and the PMWA)**

33.     All previous paragraphs are incorporated as though fully set forth herein.

34.     Plaintiff is an employee entitled to the protections of the FLSA and the PMWA.

35.     Defendant is an employer covered by the FLSA and the PMWA.

36.     The FLSA and the PMWA entitle employees to compensation for every hour worked in a workweek.

37.     As set forth above, except for a few occasions, Defendant did not pay Plaintiff either her normal wage or her overtime rate for time over 37.5 hours in her work week. Defendant paid Plaintiff nothing for work over 37.5 hours.

38.     By failing to pay Plaintiff her contractual wages for all hours worked when those wages became due, Defendant violated the minimum wage provisions of the FLSA and the PMWA.

39.     In violating the FLSA and the PMWA, Defendant acted willfully, intentionally and with reckless disregard of applicable provisions of the FLSA and the PMWA.

40. Defendant's willful violation of the FLSA and the PMWA caused Plaintiff to suffer a loss of wages and interest.

41. Plaintiff seeks damages in the amount of all respective unpaid compensation, liquidated damages, and such other legal and equitable relief as the Court deems just and proper.

42. Plaintiff also seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA and the PMWA.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief to the fullest extent permitted under the law:

A. An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the PMWA;

C. Back pay damages and prejudgment interest;

D. Liquidated damages;

E. Litigation costs, expenses, and attorneys' fees; and

F. Such other and further relief as this Court deems just and proper.

## VI.  COUNT II
### (Alleging Overtime Violations of the FLSA and the PMWA)

43. All previous paragraphs are incorporated as though fully set forth herein.

44. The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

45. The PMWA entitles employees to overtime compensation "not less than one-half times the employe's regular rate …." 43 P.S. § 333.104(c).

46. Defendant violated the FLSA and PMWA by failing to pay Plaintiff the legally mandated overtime premium rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek. Therefore, Defendant has violated the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. § 207(a)(1), and the PMWA, 43 P.S. § 333.101, *et seq.*, including 43 P.S. § 333.104(c).

47. In violating the FLSA, Defendant acted willfully and with reckless disregard of applicable FLSA provisions and, thus, constitute a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48. Defendant's willful violation of the FLSA caused Plaintiff to suffer a loss of wages and interest.

49. Plaintiff seeks damages in the amount of all unpaid overtime compensation at a rate of one and one-half times her regular rate of pay for work performed in excess of forty hours in a workweek, plus liquidated damages, as provided by the FLSA and the PMWA, and such other legal and equitable relief as the Court deems just and proper.

50. Plaintiff also seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA and the PMWA.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief, to the fullest extent permitted by law:

A. An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

C. Back pay damages and prejudgment interest;

D. Liquidated damages;

E. Litigation costs, expenses, and attorneys' fees; and

F. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

Respectfully submitted,

/s/Jonathan K. Cohn

| | |
|---|---|
| Vincent Mersich | Jonathan K. Cohn, Esquire |
| PA ID No. 310971 | PA ID No. 92755 |
| vincent.mersich@outlook.com | jcohn@stembercohn.com |
| **LAW OFFICE OF** | **STEMBER COHN &** |
| **VINCENT J. MERSICH, LLC** | **DAVIDSON-WELLING, LLC** |
| 400 Market Street | 1616 Allegheny Building |
| Elizabeth, PA  15037 | 429 Forbes Avenue |
| T.: (412) 384-8803 / (724) 493-5201 | Pittsburgh, PA  15219 |
| F.: (412) 384-8805 | T.: (412) 338-1445 |
| | F.: (412) 338-1446 |

Dated:  June 13, 2014                             *Attorneys for Plaintiff*