# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN GABRIEL, | ) |
|     Plaintiff, | ) Civil Action No. 2:14-cv-00759 |
| v. | ) Judge Maurice B. Cohill |
| ARBORS MANAGEMENT, INC., | ) |
|     Defendant. | ) *ELECTRONICALLY FILED* |

## ANSWER TO COMPLAINT

NOW COMES Defendant, Arbors Management, Inc. ("Defendant"), by and through its undersigned counsel in the above-captioned matter, and answers the Complaint as follows:

## FIRST DEFENSE

1. The averments set forth in Paragraph 1 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

2. The averments set forth in Paragraph 2 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

3. The averments set forth in Paragraph 3 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

4. The averments set forth in Paragraph 4 of the Complaint are admitted.

5. The averments set forth in Paragraph 5 of the Complaint are admitted.

6. The averments set forth in Paragraph 6 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

7. The averments set forth in Paragraph 7 of the Complaint are admitted.

8. The averments set forth in Paragraph 8 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

9. The averments set forth in Paragraph 9 of the Complaint are admitted.

10. Defendant admits only so much of Paragraph 10 of the Complaint as avers that Plaintiff worked in Defendant's accounting department. The remaining averments of Paragraph 10 are denied.

11. The averments set forth in Paragraph 11 of the Complaint are denied.

12. The averments set forth in Paragraph 12 of the Complaint are denied.

13. The averments set forth in Paragraph 13 of the Complaint are denied.

14. The averments set forth in Paragraph 14 of the Complaint are denied.

15. The averments set forth in Paragraph 15 of the Complaint are denied.

16. The averments set forth in Paragraph 16 of the Complaint are denied.

17. The averments set forth in Paragraph 17 of the Complaint are denied.

18. The averments set forth in Paragraph 18 of the Complaint are denied.

19. The averments set forth in Paragraph 19 of the Complaint are denied.

20. The averments set forth in Paragraph 20 of the Complaint are denied.

21. The averments set forth in Paragraph 21 of the Complaint are denied.

22. The averments set forth in Paragraph 22 of the Complaint are denied.

23. The averments set forth in Paragraph 23 of the Complaint are denied.

24. The averments set forth in Paragraph 24 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

25. The averments set forth in Paragraph 25 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

26. The averments set forth in Paragraph 26 of the Complaint are denied.

27. The averments set forth in Paragraph 27 of the Complaint are denied.

28. The averments set forth in Paragraph 28 of the Complaint are denied.

29. The averments set forth in Paragraph 29 of the Complaint are denied.

30. The averments set forth in Paragraph 30 of the Complaint are denied.

31. The averments set forth in Paragraph 31 of the Complaint are denied.

32. The averments set forth in Paragraph 32 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

# COUNT I

33. Paragraph 33 of the Complaint is a paragraph of incorporation, and Defendant answers Paragraph 33 of the Complaint by incorporating by reference its responses to Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. The averments set forth in Paragraph 34 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

35. The averments set forth in Paragraph 35 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

36. The averments set forth in Paragraph 36 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

37. The averments set forth in Paragraph 37 of the Complaint are denied.

38. The averments set forth in Paragraph 38 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

39. The averments set forth in Paragraph 39 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

40. The averments set forth in Paragraph 40 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

41. Defendant admits only so much of Paragraph 41 of the Complaint as avers that Plaintiff is seeking the categories of damages identified therein. However, Defendant denies that Plaintiff is entitled to such damages.

42. Defendant admits only so much of Paragraph 42 of the Complaint as avers that Plaintiff is seeking the categories of damages identified therein. However, Defendant denies that Plaintiff is entitled to such damages.

## **COUNT II**

43. Paragraph 43 of the Complaint is a paragraph of incorporation, and Defendant answers Paragraph 43 by incorporating by reference its responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. The averments set forth in Paragraph 44 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

45. The averments set forth in Paragraph 45 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

46. The averments contained in Paragraph 46 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

47. The averments set forth in Paragraph 47 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

48. The averments set forth in Paragraph 48 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

49. Defendant admits only so much of Paragraph 49 of the Complaint as avers that Plaintiff is seeking the categories of damages identified therein. However, Defendant denies that Plaintiff is entitled to such damages.

50. Defendant admits only so much of Paragraph 50 of the Complaint as avers that Plaintiff is seeking the categories of damages identified therein. However, Defendant denies that Plaintiff is entitled to such damages.

51. Defendant denies that Plaintiff is entitled to the relief sought in the "WHEREFORE" clauses, and all their subparts, set forth under the title "Prayer for Relief," immediately following Paragraphs 42 and 50 of the Complaint.

52. Unless expressly and unequivocally admitted above, each and every allegation of Plaintiff's Complaint is denied.

## SECOND DEFENSE

53. Plaintiff has failed to state a claim upon which relief can be granted.

## THIRD DEFENSE

54. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**FOURTH DEFENSE**

55. Plaintiff has been compensated properly under the Fair Labor Standards Act ("FLSA").

**FIFTH DEFENSE**

56. Plaintiff has been compensated properly under the Pennsylvania Minimum Wage Act ("PMWA").

**SIXTH DEFENSE**

57. Plaintiff's claims under the FLSA are barred on the grounds that Defendant has acted in good faith and in reliance upon written administrative regulations, orders, rulings, approvals, or interpretations of the Wage and Hour Division of the Department of Labor.

**SEVENTH DEFENSE**

58. Plaintiff's claims under the PMWA are barred on the grounds that Defendant has acted in good faith and reliance upon written administrative regulations, orders, rulings, approvals, or interpretations of the Pennsylvania Department of Labor & Industry's Bureau of Labor Law Compliance.

**EIGHTH DEFENSE**

59. Defendant denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to, her claimed entitlement to relief such as back pay, penalties, interest, costs and/or attorneys' fees.

**NINTH DEFENSE**

60. Plaintiff's claim for liquidated damages under the FLSA is barred because Defendant acted in good faith and reasonable grounds for believing that none of its actions taken toward Plaintiff violated the FLSA.

**TENTH DEFENSE**

61. Defendant did not willfully violate the FLSA or the PMWA.

**ELEVENTH DEFENSE**

62. Plaintiff is not entitled to a jury trial on her claim under the PMWA.

**TWELFTH DEFENSE**

63. Under the FLSA and the PMWA, since Plaintiff was paid the statutory minimum wage, Plaintiff is entitled to no additional compensation for any alleged unpaid hours below the statutory 40-hour threshold in a workweek.

**THIRTEENTH DEFENSE**

64. Defendant reserves the right to amend its Answer and add additional affirmative defenses or counterclaims that may become known during litigation.

WHEREFORE, Defendant, Arbor Management, Inc. demands judgment in its favor and against Plaintiff and that the Complaint be dismissed with prejudice and with costs, including reasonable attorneys' fees, assessed against Plaintiff.

Dated:  August 8, 2014  Respectfully submitted,

JACKSON LEWIS, P.C.

*s/James A. Prozzi*
James A. Prozzi
Pa. I.D. No. 26467
prozzij@jacksonlewis.com
Melissa L. Evans
Pa. I.D. No. 85978
melissa.evans@jacksonlewis.com
One PPG Place, 28th Floor
Pittsburgh, PA  15222
(412) 232-0404
(412) 232-3441 *facsimile*

*Counsel for Defendant*