IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN GABRIEL, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>ARBORS MANAGEMENT, INC. :<br>:<br>Defendant. : | CIVIL ACTION<br><br>NO. 2:14-cv-00759-MBC<br><br>JURY TRIAL DEMANDED |

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

**1.** **Identification of counsel and unrepresented parties.** Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

| | |
|---|---|
| Jonathan Cohn (PA ID No. 92755)<br>Stember Cohn & Davidson-Welling, LLC<br>The Hartley Rose Building<br>425 First Avenue, 7th Floor<br>Pittsburgh, PA 15219<br>Phone: 412.338.1445<br>Fax: 412-338-1446<br>jcohn@stembercohn.com<br><br>Vincent Mersich, Esq. (PA ID No. 310971)<br>Law Office of Vincent J. Mersich, LLC<br>400 Market Street<br>Elizabeth, PA 15037<br>Phone: 412.384.8803<br>Fax: 412.384.8805<br>Email: vincent.mersich@mersichlaw.com<br><br>Co-Counsel for Plaintiff | Jackson Lewis P.C.<br><br>James Prozzi, Esq.  (PA ID No. 26467)<br>Melissa Evans, Esq. (PA ID No. 85978)<br>One PPG Place, 28th Floor<br>Pittsburgh, PA  15222<br>Phone: 412-232-0404<br>Fax:    412-232-3441<br>melissa.evans@jacksonlewis.com<br>prozzij@jacksonlewis.com<br><br>Counsel for Defendant |

1

**2.     Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc):

This case concerns Plaintiff's claims under the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, and related claims under other Pennsylvania law. The gravamen of Plaintiff's complaint is that Defendant failed to pay Plaintiff statutory and contractual wages for all hours worked, including overtime wages for hours worked over 40 in a week.

Defendant denies Plaintiff's allegations and denies that any relief is appropriate.

**3.     Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

The parties conferred via phone on September 5, 2014, with counsel for Plaintiff (Jonathan K. Cohn, Esq., and Vincent Mersich, Esq.), and counsel for Defendant (Melissa Evans, Esq.) in attendance. The parties continued to address items contained in this Report via email, phone and in person thereafter.

**4.     Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:** (Lead Trial Counsel and unrepresented parties shall attend the Rule16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

September 30, 2014 at 2:30 p.m. in Courtroom 8A.

**5.     Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

The parties do not anticipate filing any dispositive motions pursuant to Rule 12 of the Federal Rules of Civil Procedure at this time.

**6.     Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The parties have discussed ADR processes and have agreed to select mediation, which will be conducted within the time prescribed by the ADR Policies and Procedures of the Western District. The parties have not selected a neutral yet, but are exchanging proposals for mediators.

**7.     Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

The parties have agreed to exchange initial disclosures within two weeks of the initial case management conference, as set forth in Paragraph 9(a), *infra*. Neither party proposes any changes to the form or requirements of Fed. R. Civ. P. Rule 26(a).

**8.     Subjects on which fact discovery may be needed.** (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

Plaintiff anticipates needing discovery regarding all allegations in the Complaint, and all defenses raised by Defendant in its Answer thereto. Defendant anticipates needing discovery as to the allegations raised in Plaintiff's Complaint and Defendant's Answer thereto, including both liability and damages.

**9.     Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

The parties have agreed to a post-discovery status conference.

   **a.     Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

October 14, 2014

   **b.     Date by which any additional parties shall be joined:**

December 15, 2014

   **c.     Date by which the pleadings shall be amended:**

December 15, 2014

3

   **d.**  **Date by which fact discovery should be completed:**

April 14, 2015

   **e.**  **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

N/A

   **f.**  **Date by which plaintiff's expert reports should be filed:**

To be determined in consultation with the Court.

   **g.**  **Date by which depositions of plaintiff's expert(s) should be completed:**

To be determined in consultation with the Court.

   **h.**  **Date by which defendant's expert reports should be filed:**

To be determined in consultation with the Court.

   **i.**  **Date by which depositions of defendant's expert(s) should be completed:**

To be determined in consultation with the Court.

   **j.**  **Date by which third party expert's reports should be filed:**

To be determined in consultation with the Court.

   **k.**  **Date by which depositions of third party's expert(s) should be completed:**

To be determined in consultation with the Court.

**10.** If the parties agree that changes should be made to the limitations on discovery imposed or Local by the Federal Rules of Civil Procedure Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

The parties do not believe any changes to the Local or Federal Civil Rules are necessary, nor any limitations on discovery appropriate.

**11.**  Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration.  In particular, answer the following questions:

    **a.**  ESI.  Is either party seeking the discovery of ESI in this case?  ☒ Yes  ☐ No

    If disputed, identify the nature of the dispute _____

    **b.**  Metadata:  Will any metadata be relevant in this case?  ☒ Yes  ☐ No

    If yes, with respect to what ESI?

    Plaintiff has indicated that she intends to rely on metadata showing the time and date of files created by Plaintiff or worked on by Plaintiff to provide evidence of Plaintiff's hours of work.

    For the balance of the ESI that may be produced and/or admitted as evidence in this action, the parties do not currently anticipate that metadata will play a significant role in the litigation of the claims and defenses in this case, although the parties may need to rely on metadata fields for purposes of efficiently searching for, reviewing and producing potentially relevant ESI.  In the event preliminary discovery calls into question the authenticity, reliability, source or completeness of documents produced (e.g., if further inquiry into creation date, modification date, author, etc. is necessitated), the parties reserve the right to require the production of metadata based on a showing of good cause.

    The parties agree to meet and confer regarding any such dispute before raising the issue with the Court.

    If disputed, identify the nature of the dispute _____

    **c.**  Format.  Have the parties agreed on the format(s) for production of ESI?  ☐ Yes  ☒ No

    If no, what disputes remain outstanding?

    **Plaintiff's Position:**

    ESI, including emails, text, PowerPoint, image files, and word processing files, shall be produced in TIFF or PDF format with a delimited load-file that identifies

page-document relationships, the Bates numbers, extracted full text (in the case where a document is being produced in redacted form, OCR for the redacted image will be included), and attachment relationships. Each imaged page of a document shall be stamped with a unique Bates number, and confidentiality designations shall be made on each imaged page. Spreadsheet and database information in a non-proprietary database (such as EXCEL) shall be produced in native format with each file named with a unique Bates Number.

**Defendant's Position:**

Given Plaintiff's stated intention to rely, at least in part, upon metadata included in email and other ESI that may reveal when such documents were created, modified, accessed and/or transmitted as evidence of Plaintiff's purported hours of work, Defendant proposes that such information should be produced in native form. Plaintiff's proposed form of production would impose undue burden and expense upon Defendant which is disproportionate to the amount in controversy in this action.

**d.**    Clawback Agreement. Will the parties be using the Form Inadvertent Production Provision of LCvR 16.1.D?  ☐ Yes  ☒ No

If no, will an alternative provision be proposed?

**e.**    Search terms. Have the parties agreed on any protocol for review of electronic data?  ☐ Yes  ☒ No

If yes, please describe _____

If no, please identify what issues remain outstanding:

The parties have not yet exchanged Initial Disclosures or initial discovery requests. The parties plan to meet and confer regarding initial search terms for the location and production of electronic data.

**f.**    Accessibility. Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B)?  ☐ Yes  ☒ No

If no, please identify the nature of the dispute

Defendant is investigating the extent to which sources of ESI identified by Plaintiff exists and/or is "reasonably accessible." See Section 11.h.

    Should a dispute arise, the parties agree to meet and confer regarding any such dispute before raising the issue with the Court.

**g.**    <u>Preservation</u>. Are there any unresolved issues pertaining to the preservation of ESI? If so, please describe:

<u>See</u> section 11.h below:

**h.**    <u>Other</u>. Identify all outstanding issues or disputes concerning ESI

**Plaintiff's Position:**

The parties are continuing their discussions of issues related to ESI and hope to have them resolved by the Initial Case Management Conference. The status of parties discussions are as follows:

Plaintiff has brought the requirements of Local Rule 26.2 to Defendant's attention and preliminary identified the following as potentially relevant sources of ESI:

- Log-In, usage, and log-out information for Gabriel's computer/Arbors' system. (Plaintiff's practice when she arrived was to log in to her work computer);
- Log-in, usage, and log-out information for Google (which Plaintiff understands was a business account through Arbors);
- Log-in, usage, and log-out information for Yardi (a software program – Plaintiff notes that the time in the Yardi program may not be accurate);
- Log-in, usage, and log-out information for AppFolio (another software program);
- Chats and emails outside of normal business hours reflecting time they were sent;

- Logs for copiers (two of them) reflecting scanning times.
- Metadata reflecting filing creation time of files scanned to Plaintiff's scan folder;
- Metadata reflecting file creation time for word processing and excel documents created by Plaintiff; and
- Any time punch data contained in any time-keeping software or tracking system.

**Defendant's Position:**

In conformity with its preservation obligations, Defendant has taken steps to preserve information related to Plaintiff's employment, including ESI. Since Plaintiff's separation from employment, Defendant has set aside the computer

7

utilized by the Plaintiff, thereby preserving in place any and all files then existing on Plaintiff's hard drive. Thus, to the extent documents and/or information was present on Plaintiff's hard drive (including the metadata sought by Plaintiff for documents on Plaintiff's hard drive), such information should remain intact. Likewise, Defendant has archived emails dating back three years, or more, which remain accessible. Thus, to the extent that Plaintiff did not delete her emails prior to her separation from Arbors, those emails are available for review and possible production.

With regard to the more specific login/logout information that Plaintiff has indicated she intends to seek in discovery, Defendant previously has advised Plaintiff that Defendant has never utilized, tracked or otherwise affirmatively referred to such information as part of its regular and routine business operations. To the extent such information is generated and/or maintained by the hosting platforms identified by Plaintiff (i.e., Google, Yardi, Appfolio), Defendant has never requested that these third-party vendors supply such information to Defendant, and, as a result, such information is not within Defendant's possession, custody or control. Such data may be available from these vendors, and Defendant is willing to cooperate with Plaintiff in seeking such data, if she elects to pursue it. Moreover, with regard to Yardi specifically, Defendant no longer even has access to that system, as it migrated from Yardi to Appfolio on or about January 1, 2014. Similarly, with regard to login/logout information for the photocopy/scanning equipment, such information was not routinely utilized by Defendant and, to the extent it exists, would be in the possession, custody or control of a third-party vendor.

Defendant fully intends to cooperate with Plaintiff in providing responses to any discovery request propounded by Plaintiff, including those which seek particular categories of ESI (e.g., the proposed categories identified above).

Defendant likewise plans to seek the production of potentially relevant ESI which may be within Plaintiff's possession, custody or control, including, e.g., information related to the date/time stamp on posts to social media sites and/or emails transmitted from Plaintiff's personal email account.

**12.** Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party

shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

The parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery.

a. **Settlement and/or transfer to an ADR procedure;**
b. **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**
c. **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**
d. **Dates by which parties' pre-trial statements should be filed;**
e. **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**
f. **Dates on which motions *in limine* and *Daubert* motions shall be heard;**
g. **Dates proposed for final pre-trial conference;**
h. **Presumptive and final trial dates.**

13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

    **The nature of Defendant's business is such that its ESI, including that which is likely to be produced in this lawsuit, contains personal, confidential and/or non-public information of third parties (e.g., Defendant's clients), as well as confidential business information that Defendant regularly takes steps to protect from disclosure. The parties have agreed to work cooperatively to prepare an appropriate stipulated protective order to prevent the disclosure or publication of such information.**

14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

    **The parties do not anticipate the need for a Special Master**.

15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached: **N/A**

16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

**The parties have considered and briefly discussed the possibility of settlement. At this early stage, however the parties agree that some minimal discovery is needed before settlement discussions can be fruitful.**


                                            Respectfully submitted,

| | |
|---|---|
| /s/ Jonathan Cohn | /s/ James Prozzi |
| Stember Cohn & Davidson-Welling, LLC | /s/ Melissa Evans |
| The Hartley Rose Building | One PPG Place, 28th Floor |
| 425 First Avenue, 7th Floor | Pittsburgh, PA  15222 |
| Pittsburgh, PA 15219 | Phone: 412-232-0404 |
| jcohn@stembercohn.com | Fax:     412-232-3441 |
| | melissa.evans@jacksonlewis.com |
| | prozzij@jacksonlewis.com |
| /s/ Vincent J. Mersich | |
| Law Office of Vincent J. Mersich, LLC | Counsel for Defendant |
| 400 Market Street | |
| Elizabeth, PA 15037 | |
| Direct: 412.384.8803 | |
| Fax: 412.384.8805 | |
| vincent.mersich@mersichlaw.com | |
| | |
| Co-Counsel for Plaintiff | |